NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN WAYNE HEYDORN, *Appellant.*

No. 1 CA-CR 18-0378
FILED 4-25-2019

Appeal from the Superior Court in Yavapai County
No. P1300CR201701517
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Law Offices of Stephen L. Duncan, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Steven Wayne Heydorn has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Heydorn was convicted of intentional/knowing assault, a class 1 misdemeanor, and theft, a class 1 misdemeanor.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1203(A)(1), -1802(A)(1).  Heydorn was given an opportunity to file a supplemental brief in propria persona, but he has not done so.  After reviewing the record, we affirm Heydorn's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        In November 2017, victim M.M. was staying at Heydorn's home for the weekend.  M.M. and Heydorn went to a casino, where M.M. won $500.  M.M. gave Heydorn half because he had given her $10 to play, and both she and Heydorn returned to Heydorn's residence.  The next evening, Heydorn asked M.M. for cigarettes, and M.M. replied she did not have any money.  Heydorn became angry and left momentarily.  He returned and started taking the possessions M.M. had brought to Heydorn's home, including forcefully removing M.M.'s jewelry.  Heydorn also took M.M.'s phone, the contents of her purse, and the money she had won at the casino.  M.M. left the home and walked down the street, eventually finding a couple who let her use their phone to call the police. Police officers photographed the scratch marks on M.M. that were caused by the removal of her jewelry.

¶3        Police officers could not contact Heydorn for several days. When they eventually made contact, Heydorn was carrying several of M.M.'s personal belongings.  The officers photographed the possessions and arrested Heydorn.

¶4 Later that month, the State indicted Heydorn for aggravated robbery, a class 3 felony; assault, a class 1 misdemeanor; and theft, a class 1 misdemeanor. It alleged six prior felony convictions and six aggravating circumstances. It also alleged Heydorn had committed the offenses while on release from confinement.

¶5 After a two-day trial, a jury found Heydorn guilty of assault and theft. Heydorn was acquitted of aggravated robbery. The court sentenced Heydorn to 172 days' imprisonment and credited him with 172 days' presentence incarceration credit. *See* A.R.S. § 13-707(A)(1). It also found Heydorn had violated the conditions of his probation and revoked his probation.

**DISCUSSION**

¶6 We review Heydorn's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Heydorn has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Heydorn at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Heydorn's convictions and sentences.

¶7 Upon the filing of this decision, defense counsel shall inform Heydorn of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Heydorn shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶8　　　　For the foregoing reasons, we affirm Heydorn's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:　AA